UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

K & K ENTERPRISES OF CENTRAL
FLORIDA, INC., a foreign corporation,

    Plaintiff,

v.                                        Case No. 8:07-cv-1384-T-24-MAP

TAMPA PORT AUTHORITY and
SSA GULF, INC., d/b/a SSA MARINE,
a foreign corporation,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff K & K Enterprises of Central Florida, Inc.'s Motion for Remand (Doc. No. 8). Defendants Tampa Port Authority and SSA Gulf, Inc. have filed a response in opposition (Doc. No. 13).

**I.    Background**

On July 10, 2007, Plaintiff K & K Enterprises of Central Florida, Inc. ("Plaintiff") filed a complaint against Defendants Tampa Port Authority ("TPA") and SSA Gulf, Inc. ("SSA") (jointly, "Defendants") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. In its complaint, Plaintiff alleges that Defendants negligently failed to care for Plaintiff's property while it was in Defendants' possession, by providing inadequate manpower, inventory control, loss prevention procedures, and supervision of security personnel. Plaintiff further alleges that as a result of Defendants' negligence, Plaintiff's property was lost, Plaintiff incurred the expense of replacing the lost property, and Plaintiff suffered losses resulting from the lost use of its property during the period of replacement.

On August 7, 2007, SSA filed a notice of removal to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1446, to which TPA filed a notice of joinder (Doc. Nos. 1 and 1-7). In their notice of removal, Defendants contend that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Defendants also contend that this Court has original federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332. On August 13, 2007, Plaintiff filed the instant motion to remand, pursuant to 28 U.S.C. § 1447. On September 4, 2007, Defendants filed their response in opposition.

## II.     Analysis

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Plaintiff asserts that remand is appropriate because this Court does not have either federal question jurisdiction or diversity jurisdiction over the instant case.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2007). Defendants argue that the instant case is governed by either the Harter Act, 46 U.S.C. §§ 30701 to 30707 (2006) (originally enacted as act of February 13, 1893, ch. 105, 27 Stat. 445), or the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.A. § 30701 hist. n. (2006) (originally classified to former 46 U.S.C.A. app. §§ 1300 to 1315), and therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants also contend that this

Court has jurisdiction because this case falls within the purview of 28 U.S.C. § 1334(a)(3) and (4). Alternatively, Defendants assert that this Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332

### 28 U.S.C. § 1331

The Harter Act, by its own terms, "applies to a carrier engaged in the carriage of goods to or from any port in the United States." 46 U.S.C. § 30702 (2006). A "carrier" is defined as the "owner, manager, charterer, agent, or master of a vessel." 46 U.S.C. § 30701 (2006). Plaintiff essentially argues that the Harter Act is inapplicable to the instant case because Defendants are not "carriers." The Court agrees. Defendant TPA is the authority responsible for operating the Port of Tampa, and Defendant SSA was the port terminal operator of the Port of Tampa during all relevant time periods in the instant case. Defendants were the entities charged with the care and custody of Plaintiff's property *on land*, and are neither a ship nor vessel, nor the owner, manager, charterer, agent, or master of a ship or vessel. As such, the Court finds that Defendants do not fit within the definition of a "carrier," and therefore, that the Harter Act is inapplicable to the instant case.[1]

COGSA generally applies to contracts for carriage of goods by sea and the bills of lading for the vessels carrying those goods.[2] Plaintiff argues that COGSA is inapplicable to the instant

---

[1] The Court also notes that Defendants failed to substantively respond to Plaintiff's argument regarding the inapplicability of the Harter Act. In fact, the response Defendants give states only that "the appropriate grounds for deciding this case . . . are either the Harter Act and/or the Carriage of Goods by Sea Act." (Citations omitted.)

[2] COGSA was originally classified as an appendix to 46 U.S.C. §§ 1300 to 1315. However, on October 6, 2006, the United States Congress passed Public Law 109-304, with the stated purpose of "reorganizing and restating the laws currently in the appendix to title 46." Pub. L. 109-304, 120 Stat. 1485 (codified at 46 U.S.C. §§ 101 to 30706 (2006)). This reorganization and restatement did not restate, repeal, or omit COGSA. 46 U.S.C. § 30701 hist. n. (2006).

case because this action is one in which Plaintiff is suing the port and port terminal operator, not a ship. Defendants seem to argue that the benefits of COGSA may have been contractually extended to Defendants through the bills of lading, and that the applicability or inapplicability of COGSA should be determined by looking to the bills of lading for Plaintiff's property, because "[t]hese bills of lading were very likely COGSA stamped, bringing this case squarely under Federal maritime jurisdiction and directly applying COGSA to the instant case." However, Defendants fail to provide any evidence of the relevant bills of lading to the Court. Defendants admittedly do not have evidence of COGSA stamping on the bills of lading, and request that the Court deny Plaintiff's motion for remand without prejudice until Defendants are able to adequately determine COGSA's true applicability. The Court declines to do so, and finds that Defendants have failed to show that COGSA applies to the instant case.

### 28 U.S.C. § 1343(a)(3) and (4)

Both 28 U.S.C. § 1334(a)(3) and (4) relate to actions to redress the deprivation of equal rights under color of law, and to actions to recover damages for the protection of civil rights. *See* 28 U.S.C. § 1334(a)(3) and (4) (2007). Plaintiff argues that the instant case is neither one of these types of actions. Defendants do not respond to this argument in their response, and the Court construes their silence as a concession.

### 28 U.S.C. § 1332

28 U.S.C. § 1332 provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states." 28 U.S.C. § 1332 (2007). Plaintiff argues that there is no diversity jurisdiction in the instant case

---

COGSA now exists in the historical and statutory note to 46 U.S.C. § 30701. The Court declines to address how this affects the instant case, as it finds that COGSA is inapplicable herein.

due to a lack of complete diversity. Plaintiff states that it has its principal place of business in the State of Florida, and is therefore a citizen of Florida, pursuant to 28 U.S.C. § 1332(c)(1). *See* 28 U.S.C. § 1332(c)(1) (2007). Plaintiff then points out that Defendant TPA, as an entity created by the Florida legislature, is also a citizen of the State of Florida, thereby destroying complete diversity. Defendants do not respond to this argument in their response, and the Court construes their silence as a concession.

### III.  Conclusion

For the reasons stated herein, the Court concludes Defendants have not sustained their "burden of establishing jurisdiction" and therefore, this case must be remanded to the state court where it was originally filed. *Diaz*, 85 F.3d at 1505. It is hereby ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 8) is **GRANTED**. The Clerk is directed to remand the instant case to the state court where it was originally filed and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of September, 2007.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

5